UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM MARTIN,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No. 3:24-cv-00235-ART-CLB

ORDER GRANTING
MOTION TO DISMISS

[ECF No. 30]

This counseled habeas matter comes before the Court on Respondent's motion to dismiss Petitioner William Martin's First-Amended Petition. (ECF No. 30.) Martin opposed the motion, and Respondent replied. (ECF Nos. 33, 36.) For the reasons discussed below, the Court grants the motion.

## I.   BACKGROUND

On June 25, 2019, the state court entered a Judgment of Conviction, adjudging Martin guilty of two counts of burglary. (ECF No. 24-7.) Martin was sentenced to two consecutive terms of 36 to 120 months in prison. (*Id.*) Martin did not file a direct appeal.

Martin filed a state habeas petition on March 16, 2021. (ECF No. 24-20.) The state court dismissed Martin's state habeas petition as untimely on July 16, 2021. (ECF No. 25-3.) Martin appealed, and the Nevada Court of Appeals affirmed on February 3, 2022. (ECF No. 25-14.) Remittitur issued on February 28, 2022. (ECF No. 25-15.)

Martin filed a motion to correct his illegal sentence on June 5, 2023. (ECF No. 25-16.) The state court denied Martin's motion. (ECF No. 26-6.) Martin appealed, and the Nevada Court of Appeals affirmed on August 30, 2024. (ECF No. 26-26.) Remittitur issued on September 20, 2024. (ECF No. 26-27.)

Martin commenced this action on June 10, 2024. (ECF No. 1.) This Court

1

appointed counsel to represent Martin. (ECF No. 4.) Martin filed his counseled First-Amended Petition on June 2, 2025. (ECF No. 18.) Martin raises the following grounds for relief: (1a) his trial counsel failed to introduce and argue to the trial court that newly passed Nevada legislation would impact him and his sentencing exposure, (1b) his trial counsel failed to adequately prepare and present mitigating evidence to the sentencing court, and (1c) his trial counsel failed to file a direct appeal and failed to discuss any appeal rights with him. (*Id.*)

**II.    DISCUSSION**

Respondent argues that Martin's First-Amended Petition is untimely.[1] (ECF No. 30.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, *i.e.*, 365 days, begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, because Martin did not file a direct appeal to the Nevada appellate

---

[1] Respondent also argues that grounds 1a, 1b, and 1c are unexhausted, and grounds 1b and 1c are procedurally defaulted. (ECF No. 30.) This Court does not reach these arguments.

courts challenging his judgment of conviction, his conviction became final on the date in which the time for seeking direct review expired: July 25, 2019. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations began to run the following day: July 26, 2019. Accordingly, the limitations period expired 365 days later on July 26, 2020. Although Martin filed a state habeas petition, it did not statutorily toll his federal limitations period because it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). And although Martin filed a motion to correct his illegal sentence, it was filed after his AEDPA clock had already expired, so it could not have statutorily tolled his limitations period either. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Thus, absent another basis for tolling or delayed accrual, Martin filed his federal habeas petition almost four years after his AEDPA limitations period expired.

Martin does not dispute that his federal petition is untimely. (ECF No. 33 at 2.) Rather, Martin asserts that he is entitled to equitable tolling based on his attorney's misconduct and the impact of COVID-19. (*Id.*)

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S.

631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

Martin argues that he did not receive his file from his trial counsel until May 20, 2020, so he is entitled to equitable tolling from the date of the entry of his Judgment of Conviction until May 20, 2020. (ECF No. 33 at 5.) This Court agrees. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (holding that a petitioner's "complete lack of access to a legal file may constitute an extraordinary circumstance" to justify equitable tolling). Martin exercised diligence during this period, requesting numerous times that his file be transferred to him so that he could prepare his state habeas petition. (ECF Nos. 24-12, 24-14.)

Martin next contends that he should be entitled to equitable tolling throughout his state habeas proceedings (*i.e.*, through February 28, 2022, when the remittitur issued) because his inability to timely file his state habeas petition can be attributed to his counsel's failure to give him his case file. (ECF No. 33 at 7.) Assuming, *arguendo*, that this contention has merit,[2] this would mean that Martin's one-year limitations period started on March 1, 2022, and ended one year later on March 1, 2023. However, importantly, Martin did not file his federal

---

[2] Notably, Martin concedes that he had 36 days from the date he received his file to have timely filed his state habeas petition. (*See* ECF No. 33 at 6.)

habeas petition for another 467 days.[3]

Martin then argues that "the unprecedented COVID-19 lockdown restrictions constitute extraordinary circumstances that were both external to [him] and directly impeded his ability to timely file." (ECF No. 33 at 9.) First, Martin's reliance on the COVID-19 pandemic appears to be limited to the 2020-2021 timeframe, meaning its relevance to the critical 2022-2023 timeframe (when Martin should have been preparing and filing his federal habeas petition) is lacking. Second, Martin only alleges that the COVID-19 pandemic "delayed prison procedures," not that he was prevented or prohibited from researching his claims or obtaining legal materials. Third, Martin assumably was able to research and prepare his motion to correct his illegal sentence during the beginning of 2023 (given that it was filed on June 5, 2023), so his contention that the COVID-19 pandemic prevented the timely preparation of his federal habeas petition is lacking. Indeed, rather than pursuing any sort of relief following the Nevada appellate courts' affirmation of the denial of his state habeas petition in March 2022, Martin took no action whatsoever for 461 days, and even at that point, he filed a motion in state court rather than filing his federal petition. Significantly, it took Martin 832 days from the conclusion of his state habeas proceedings (March 1, 2022) to file his federal habeas petition (June 10, 2024). At this point, Martin was already aware that his state habeas petition had been deemed untimely, so it is inexplicable that he then delayed filing his federal petition for over two years. This Court finds that Martin's federal petition is time barred, so it grants the motion to dismiss.

---

[3] Even under this scenario, Martin's motion to correct his illegal sentence was filed after his AEDPA clock had already expired, meaning it could not have provided statutory tolling.

## III.   CONCLUSION

It is therefore ordered that the motion to dismiss (ECF No. 30) is granted. The First-Amended Petition (ECF No. 18) is dismissed with prejudice as time barred. A Certificate of Appealability is denied as reasonable jurists would not find dismissal of this action for the reasons stated in this Order to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter judgment and close this case.

DATED THIS 11th day of June 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE